STATE of Wisconsin, Plaintiff-Respondent,

v.

Janet E. BRITZKE, Defendant-Appellant.

Supreme Court

*No. 81–1490–CR. Filed February 3, 1983.*
(Also reported in 329 N.W.2d 207.)

PER CURIAM. The defendant was convicted of interfering with the legal custody of two of her children, contrary to sec. 946.71(2), Stats. She appealed her conviction to the court of appeals, which affirmed the conviction. *State v. Britzke*, 108 Wis. 2d 675, 324 N.W.2d 289 (1982). The defendant now seeks review of the decision of the court of appeals. At issue is the meaning of the term "legal custody" as used in sec. 946.71(2). The court of appeals held that "legal custody" had the same meaning as the definition set forth in sec. 48.02(10), Stats. 1955. The court of appeals reached this conclusion because sec. 946.71 was passed at the same session of the legislature when the 1955 legal custody definition was enacted. Although we disagree with the reasoning of the

court of appeals, we agree that the conviction of the defendant should be affirmed. Therefore, we affirm the decision of the court of appeals on grounds different from those expressed in its opinion.

The defendant's mother brought an action to obtain custody of the defendant's minor children. The children had resided with the defendant's mother since 1978. On May 14, 1980, an order was entered in the custody action which recited as follows:

"In re the Custody of:

    BETH ANN JANNEY
    JANELLE MARIE JANNEY
    JAMES LeROY JANNEY.

ROSIE L. GRASLEY,
DANIEL JANNEY and
RALPH HOLT

                Petitioners,

    and

JANET E. BRITZKE (JANNEY),

                Respondent.

"..........................................

"A temporary hearing being scheduled in this matter for the 5th day of May, 1980, at 3:30 o'clock in the afternoon and said hearing being continued until the 8th day of May, 1980, at 3:00 o'clock P.M. to permit the guardian ad litem to confer with the minor children of the parties, and said hearing proceeding on the said 8th day of May, 1980, the appearances being the petitioner, Rosie L. Grasley, in person and by her attorneys, Quale, Hartmann, Bohl & Evenson, by James Evenson, the respondent appearing in person and without counsel but being advised to obtain counsel, and the Court hearing the report of the guardian ad litem, now, therefore,

"IT IS ORDERED that during the pendency of this action it is in the best present interests of the minor children that they remain with the petitioner, Rosie L.

Grasley, and the said Rosie L. Grasley is awarded temporary custody of said minor children pending a final determination herein, and

"IT IS FURTHER ORDERED that the respondent shall have the right to visit said minor children at reasonable times upon reasonable notice but that said visitation shall be exercised in the home of the said Rosie L. Grasley; and

"IT IS FURTHER ORDERED that the Sauk County Department of Social Services conduct an evaluation and investigation of the home of Rosie L. Grasley and submit its written report to the Court within forty-five (45) days of the date of this Order and it is ordered that the authorities in the State of Florida be requested to conduct an evaluation and investigation of the home of the respondent and submit their report to the Court within forty-five (45) days of such Order.

"Dated this *14th* day of May, 1980.

BY THE COURT:

J. R. Seering, Circuit Court Judge"

Six months after the foregoing order was entered the defendant picked up two of her children on their way to school. She and her current husband, who is not the father of the children, then drove the children to Florida.

This case was tried to a jury which returned a verdict finding the defendant guilty of two counts of violating sec. 946.71(2), Stats. After a judgment of conviction was entered the defendant moved to vacate the judgment of conviction and dismiss the information on the ground that the state had failed to produce evidence sufficient to prove beyond a reasonable doubt that the order of May 14, 1980 vested legal custody, as opposed to physical custody, in the defendant's mother. This motion was denied by the trial court, and the defendant appealed both the judgment of conviction and the order denying the motion to vacate the judgment.

On appeal the court of appeals acknowledged that a court may separate legal and physical custody of a child.

However, it construed "legal custody," as used in sec. 946.71(2), Stats., to include not only the concept of legal custody as defined in sec. 48.02(12), but also the concept of physical custody as defined in sec. 48.02(14). The court of appeals noted that the same legislature which passed sec. 946.71 in 1955 also enacted the definition of legal custody in sec. 48.02(10) of the former Children's Code. Construing that definition as embracing the subsequent definitions of both legal and physical custody in the current Children's Code, the court of appeals held that a change in definitions enacted by the 1977 legislature was not material to the definition of "legal custody" as used in sec. 946.71.[1]

The 1977 legislature also amended sec. 946.71(2) to expand its coverage to actions for custody, paternity and guardianship. This amendment followed our holding in *LaChapell v. Mawhinney*, 66 Wis. 2d 679, 225 N.W.2d 501 (1975), that grandparents could maintain an independent action for custody against a parent. As amended, sec. 946.71(2) now provides in part that any person who takes away a child under 18 from the parent "or other person having legal custody under an order or judgment in an action for . . . custody" with intent to take the child out of state for the purpose of depriving the custodian of custody, without the consent of the custodian or the court which awarded custody, is guilty of a Class E felony.

---

[1] In 1977 the legislature rewrote the Children's Code. One of the changes made was the definition of "legal custody." Sec. 48.02 (10), Stats. 1975, the prior definition of "legal custody," defined the term as the right to care, custody and control of a child and the duty to provide food, clothing, shelter, medical care, education and discipline. The new definition, sec. 48.02(12), continued to identify the rights and duties, but provided that they were conferred by a court order which created a legal status defined as "legal custody." Sec. 48.02(14) defined "physical custody" as actual custody in the absence of a court order granting legal custody to the physical custodian.

We think the court of appeals failed to give sufficient weight to the 1977 legislation amending sec. 946.71(2), Stats., to include actions for custody within its scope. Prior to 1977 the statute provided a means of punishing those who removed a child from the state with intent to frustrate an order awarding legal custody in an action for divorce, legal separation or annulment. The actions of the defendant in the instant case would not have been a violation of sec. 946.71(2) prior to its amendment in 1977, because the statute was not broad enough to cover removing a child from the state so as to frustrate an order or judgment in an action for custody which was independent of an action for divorce, legal separation or annulment. Moreover, 1979 amendments to the Family Code authorized for the first time a temporary custody order in an action for custody, specifically referring to the Children's Code definition of "legal custody."[2]

There is no provision in the Family Code authorizing a court to make a temporary or final award of physical custody. By contrast, in proceedings under the Children's Code the court may order placement outside the home of the parent, guardian or legal custodian, without a transfer of legal custody, under sec. 48.34(3). Therefore, we conclude that the term "legal custody" as used in sec. 946.71, Stats., means "legal custody" as that term is defined in sec. 48.02(12).

The petition argues that the order granting temporary custody of the children to the mother of the defendant was not proved to be anything more than an order grant-

---

[2] Under sec. 767.24(1)(c), Stats., the court is permitted to transfer legal custody of a child to a relative if it finds that neither parent is fit to have care and custody of the child or that neither parent is able to care for the child adequately. A temporary order granting legal custody to a relative is authorized under sec. 767.23(1)(a). Sec. 767.24(1)(d) provides that a temporary or final award of legal custody gives to the custodian the rights and responsibilities specified in sec. 48.02(12), the current definition of legal custody for purposes of the Children's Code.

ing physical custody. We disagree. The defendant's mother had physical custody of the children at the time the order was entered, and the physical custody had been continuous since 1978. The only purpose of the order awarding temporary custody could be to create a legal status. The defendant, being aware that her mother had physical custody since 1978, must also have understood that the temporary custody order was giving the physical custody a legal status, at least during the pendency of the custody action. The evidence introduced by the state was sufficient to warrant a finding by the jury beyond a reasonable doubt that the defendant had taken the children away to Florida with intent to frustrate the order granting temporary custody to her mother.

For the foregoing reasons the petition for review is granted, and the decision of the court of appeals is affirmed.