IN RE the MARRIAGE OF: Julie A. POESCHEL,
Petitioner-Appellant,

v.

James A. POESCHEL, Respondent.†

Court of Appeals

*No. 82–2397. Submitted on briefs August 22, 1983.—
Decided October 18, 1983.*

† Petition to review denied.

For the appellant the cause was submitted on the brief of *John G. Hinde* of La Crosse.

For the respondent the cause was submitted on the brief of *G. Scott Nicastro* of Mondovi.

Before Foley, P.J., Dean and Cane, JJ.

DEAN, J.   Julie Poeschel appeals from a judgment removing her two minor children from her sole custody and granting alternating custody to her and the children's father, James Poeschel. Because the trial court did not have the power to order alternating custody and because a transfer of custody from Julie is not supported by substantial evidence, we reverse the judgment and remand the cause with directions to dismiss the motion for modification of custody.

Julie and James were divorced in 1979, and custody of their two children went, by stipulation, to Julie. In 1981, James asked the court to modify the original judgment and to transfer custody of the children to him. The trial court ordered alternating custody, with each parent having sole custody of the children for six months of each year.

This court is asked to define the trial court's authority under sec. 767.24, Stats., and to determine whether the trial court erred in modifying the original judgment. These are questions of law that we independently review. *See First National Leasing Corp. v. City of Madison,* 81 Wis. 2d 205, 208, 260 N.W.2d 251, 253 (1977).

The trial court did not have the authority to order alternating custody. Its only power in awarding custody

of minor children is that provided by statute. *Groh v. Groh,* 110 Wis. 2d 117, 123, 327 N.W.2d 655, 658 (1983), citing *Hamachek v. Hamachek,* 270 Wis. 194, 198–99, 70 N.W.2d 595, 597 (1955). Meeting the best interests of the children is not a sufficient justification for a custody order that is outside the bounds established by the legislature. *Groh,* 110 Wis. 2d at 126, 327 N.W.2d at 659. Section 767.24(1), Stats., permits the court, in a custody action, to give custody of minor children either to one of the parents, to the parents jointly if they agree, or to a relative or child care agency. The trial court's order here, giving alternating sole custody to each parent, falls under none of these statutory options.[1] Because the innovative order is not permitted by statute, we have no choice but to nullify it, even though it appears to be in the best interests of these children.

Custody of the children must remain with Julie. Any modification of a custody order removing a child from the care of the parent with custody must be based on substantial evidence showing that removal is necessary to the child's best interests. Section 767.32(2), Stats. The trial court found both Julie and James to be fit and proper persons to have the care and custody of the children. At the hearing on Julie's motion to amend the judgment, the trial court said the circumstances justified awarding custody to either parent. Based upon these findings, substantial evidence did not exist to allow the trial court to remove the children from Julie's custody

[1] This does not appear to be an order for joint custody. Joint custody gives both parties equal rights and responsibilities. *See* § 767.24(1)(b), Stats. The trial court's alternating custody gives to each parent sole rights and responsibilities during their six months of custody. If this were a type of joint custody, the court still had no authority to make this order because the parties did not agree to a joint custody arrangement. *See id.*

for six months each year.[2] *See Groh,* 110 Wis. 2d at 129–30, 327 N.W.2d at 661.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[2] Because we decide that custody must remain with Julie, we need not decide the admission of evidence issue she also raises.

