IN RE the MARRIAGE OF: David Bruce WESTRATE, Petitioner-Respondent,

v.

Judy May WESTRATE, Respondent-Appellant.

Court of Appeals

*No. 84–982. Argued March 16, 1985.—Decided April 9, 1985.*
(Also reported in 369 N.W.2d 165.)

For the appellant there were briefs by *Guelzow, Aubry, Senteney, Carson & White, Ltd.*, and *Guelzow, Senteney, Carson, White & Hertel, Ltd.*, and oral argument by *Cindra R. Carson* of Eau Claire.

For the respondent there was a brief and oral argument by *Erwin H. Steiner* of Eau Claire.

Before Cane, P.J., Dean and LaRocque, JJ.

CANE, P.J.  Judy Westrate appeals a judgment modifying David Westrate's right to visitation with the parties' children.  The trial court granted David week-long visitations with the children on an alternating weekly basis.  Judy contends that the court effectively ordered alternating sole custody, which this court rejected in *Poeschel v. Poeschel*, 115 Wis. 2d 570, 341 N.W.2d 407 (Ct. App. 1983).  The trial court attempted to distinguish its judgment from alternating sole custody by giving Judy permanent legal custody of the children

while designating David's right to equal custody as visitation. Because sec. 767.24, Stats., requires legal and physical custody to be vested in the same party when the parties do not consent to joint custody, and because the trial court effectively divided physical custody between both parents, we reverse the judgment.

In *Poeschel,* this court considered the authority of trial courts to make custody awards under sec. 767.24. There, the trial court ordered alternating legal custody of the children every six months. We concluded that the trial court lacked authority to order alternating legal custody because that alternative is not expressly provided by sec. 767.24. *Poeschel,* 115 Wis. 2d at 572, 341 N.W.2d at 408. Section 767.24(1) permits the court to give custody of minor children to one of the parents, to the parents jointly if they agree, or to a relative or child care agency. *Id.*

The trial court in this case construed the *Poeschel* decision only to prohibit alternating legal custody. The court expressly ordered that Judy have permanent legal custody, including responsibility for making major decisions affecting the children. The court's distinction between legal and physical custody has some logical merit because the prohibition against joint custody without the parents' consent is based partly on the inability of the parents to cooperate. *See* Annot. 17 A.L.R. 4th 1013, 1023–26 (1982). It is not based on any presumption that both parents are not fit and proper persons to have custody of their children. Here, the court attempted to avoid the problem of conflict between the parents by designating the mother as the final authority on major decisions such as medical care. Moreover, it based its decision to alternate physical custody on the best interests of the children. Regardless of any practical wisdom of the trial court's judgment, however, our decision must be based on whether sec. 767.24 authorizes a distinction between legal and physical custody.

Section 767.24(1)(d), Stats., explicitly refers to legal custody but not physical custody. The statute provides that an award of legal custody gives the custodian the rights and responsibilities specified in sec. 48.02(12), Stats. Section 48.02(12) defines legal custody for purposes of the Children's Code. Section 767.24 makes no reference to physical custody, which is defined in the Children's Code by sec. 48.02(14), Stats.

We do not construe sec. 767.24(1)(d) to inferentially authorize physical custody to be separated from legal custody. In *State v. Britzke,* 110 Wis. 2d 728, 329 N.W.2d 207 (1983), our supreme court considered whether legal and physical custody can be separated in a custody order made under the Children's Code. The court concluded that an order of physical custody can be made under sec. 48.34(3), Stats., without also transferring legal custody to the physical custodian. *Id.* at 732, 329 N.W.2d at 210. The court also noted, however, that no provision exists in the Family Code authorizing a court to make a temporary or final award of physical custody. *Id.* Based on the supreme court's reasoning, we conclude that the trial court only had authority to grant legal custody of the Westrate children, and that it had no authority to separately order alternating physical custody.

Although the trial court labeled David's alternating week-long custody right as visitation, we are unpersuaded that the reality differs from alternating physical custody. Under sec. 48.02(12), the legal custodian has the right and duty to protect, train, and discipline the child, and to provide food, shelter, legal services, education, and ordinary medical and dental care. To effectuate these rights, the trial court must choose a primary physical custodian. The requirement of a primary physical custodian also is indicated by sec. 767.24(2), Stats., which defines the factors to consider when making a custody decision. These factors relate to which parent

would be the better physical custodian. Because the trial court must award legal custody on the basis of these factors, physical custody implicitly must be united in the legal custodian.

The prohibition against alternating physical custody cannot be circumvented simply by labeling one parent's rights as visitation. Custody and visitation are distinct legal terms with different meanings. Custody is best described in terms of the resulting "custodial environment." A custodial environment exists when a child naturally looks to the parent in that home for guidance, discipline, the necessities of life and parental comfort in a stable, settled atmosphere. *Baker v. Baker*, 309 N.W.2d 532, 537 (Mich. 1981). This definition comports with the sec. 48.02 (12) definition of legal custody, which confers the right to protect, train, and discipline the child. *See also Patrick v. Patrick*, 17 Wis. 2d 434, 437, 117 N.W.2d 256, 258 (1962) (custody embraces the sum of parental rights with respect to the rearing of a child, including care).

Visitation refers to the noncustodial parent's right of access to a child. *Id.* at 437, 117 N.W.2d at 258. While the noncustodial parent is responsible for the care of the child during visits, visitation differs from custody because the noncustodial parent and child do not live together as a single family unit. *D'Onofrio v. D'Onofrio*, 365 A.2d 27, 29 (N.J. 1976). The day-to-day routine of the child, the quality of life, and the general style of life are provided by the custodial parent. *Id.* Nonetheless, it is generally desirable for a child to maintain contact with both parents after a divorce. *Weichman v. Weichman*, 50 Wis. 2d 731, 735, 184 N.W.2d 882, 884–85 (1971). Liberal visitation therefore may be granted when it is consistent with the best interest of the child.

The upper limit on visitation, however, is that amount of time that is consistent with the creation of a single custodial environment.

The requirement that custody and visitation be meaningfully differentiated is necessary to assure stability of custody arrangements. Section 767.32(2), Stats., requires a showing by substantial evidence that a change of custody is necessary for the child's best interest. This standard is higher than the simple showing of best interest needed for an initial custody award; it is intended to make custody changes harder to obtain. *Millikin v. Millikin*, 115 Wis. 2d 16, 22–23, 339 N.W.2d 573, 575–76 (1983). A change in visitation, however, does not require as great a showing of necessity as a change of custody requires. *Bahr v. Galonski*, 80 Wis. 2d 72, 80, 257 N.W.2d 869, 872–73 (1977). The intended stability of custody arrangements will be lost if the custodial environment can be changed by altering visitation.

We conclude that equal physical custody is inconsistent with the rights granted by sec. 48.02(12) to the legal custodian. It constitutes alternating physical custody and prevents the creation of a single custodial environment. We therefore reverse the judgment and remand the matter for a redetermination of David's visitation rights.

*By the Court.*—Judgment reversed and cause remanded with directions.