John MILLER, Petitioner-Appellant,

v.

Rose MILLER, n/k/a Rose Stuart, Respondent.

Court of Appeals

*No. 86–0046. Submitted on briefs August 27, 1986.—Decided January 14, 1987.*

(Also reported in 401 N.W.2d 846.)

For the petitioner-appellant, the cause was submitted on the briefs of *Gary L. Bendix* of *Muchin, Muchin, Bendix & Skolas, S.C.* of Manitowoc.

For the respondent, the cause was submitted on the brief of *Steven P. Srenaski* of *Srenaski & Haller* of Manitowoc.

Before Scott, C.J., Brown, P.J., and Hansen, Reserve Judge.

BROWN, P.J. The controlling issue here is whether the *Millikin* standard, as it is commonly known, is applicable to modification of joint custody orders. Based upon a recent decision of this court, we reverse the trial court's holding that the standard is applicable.

John Miller and Rose Miller, n/k/a Rose Stuart, were divorced in 1979, with joint legal custody of the minor child being awarded to both parties. In addition, the trial court specifically ordered that physical custody of the child be awarded to Rose. Thereafter, John moved to revise the judgment of divorce regarding physical placement. Following a hearing to determine which party had the burden to proceed and which had the burden of proof, and to also determine what the burden was, the trial court ruled that John had the burden to prove the standard in *Millikin v. Millikin*, 115 Wis. 2d 16, 339 N.W.2d 573 (1983). This standard forbids a custody modification absent "substantial evidence supporting a change of custody" showing "such removal is necessary to the child's best interest." *Id.* at 23, 339 N.W.2d at 576. The significance of using the *Millikin* standard is that the noncustodial parent has a higher standard than the "best interests of the child" standard applied to initial custody decisions.

Subsequent to the trial court's decision, the trial court heard the case and found that John had not met his burden. It denied the motion to modify physical placement, granted Rose's motion allowing her to remove the minor child from the state and terminated

joint custody, granting Rose sole custody. John has appealed.

A similar case, recently decided in this court, compels reversal. In *Abel v. Johnson*, 135 Wis. 2d 219, 400 N.W.2d 22 (1986), this court determined that in joint custody situations use of the *Millikin* standard is inappropriate. We observed that physical placement is not a separate legal concept. *Id.* at 226–27, 400 N.W.2d at 25. Rather, when the trial court awards legal custody to both parties, the court is deferring to the parties in matters relating to important decision making regarding the child—including physical placement. *Id.* at 228, 400 N.W.2d at 26. We further concluded that the award of physical placement in a judgment is not essential to the validity of the judgment. *Id.* at 228–29, 400 N.W.2d at 26. It is basically unenforceable surplusage.

We carefully reviewed this case to determine whether there are any factors distinguishing it from *Johnson*. In particular, we focused upon the trial court's remark that the joint custody arrangement was simply for the purpose of allowing a greater support allotment from the military, John's employer at the time. The trial court further reasoned that physical custody in reality was always with the mother, implying that joint custody was but a pretense. The trial court apparently thought that to rule otherwise would be placing form over substance.

We are aware that the bright line rule enunciated in *Johnson* does involve costs. Because of *Johnson*, a court will not have the discretion to consider the joint custody agreement as illusory and place the higher *Millikin* burden on the person whom the judge believes is the *real* noncustodial parent. These costs, however, are strongly balanced by the legislature's

purpose to encourage joint parental responsibility and its resultant purpose to combine physical and legal custody. *See Johnson,* 135 Wis. 2d at 227–28, 400 N.W.2d at 25–26 (quoting with approval Kapner, *Joint Custody and Shared Parental Responsibility: An Examination of Approaches in Wisconsin and in Florida,* 66 Marq. L. Rev. 673, 675 (1983)). If there is to be a change of purpose, the legislature must make it.

We reverse the orders and direct that the trial court address the custody issue using the "best interests" standard. On remand, the court should not reconsider John's petition for change of physical custody. This is because the court has no authority to change just physical custody. John's motion, therefore, is without legal basis. Any further order relating to removal of the child from the state will necessarily be dependent upon the outcome of the custody hearing.

*By the Court.*—Orders reversed and cause remanded with directions.