## IN RE the MARRIAGE OF: Jackie V. BOHMS, Co-Petitioner-Appellant,

v.

## Gene L. BOHMS, Co-Petitioner-Respondent.†

Court of Appeals

*No. 86–2217. Submitted on briefs May 6, 1987.—Decided June 25, 1987.*

(Also reported in 410 N.W.2d 658.)

† Petition to review pending. This petition was not decided at the time the volume went to press. Its disposition will be reported in a later volume.

For the co-petitioner-appellant, the cause was submitted on the briefs of *Kathleen A. Wagner,* and *Wagner Law Offices, S.C.,* of Madison.

For the co-petitioner-respondent, the cause was submitted on the brief of *Daniel R. Einum* and *Einum Law Offices,* of Madison.

Before Gartzke, P.J., Dykman and Sundby, JJ.

SUNDBY, J. Jackie Bohms appeals from an order amending the judgment of her divorce from Gene Bohms and an order denying her motion under sec. 802.06(2)(f), Stats., to dismiss Gene's motion to prohibit her from removing their child, Tracy Anne, from Wisconsin and to change physical custody of Tracy Anne from her to Gene. Because we conclude that the trial court lacked authority to make orders with respect to the physical custody of Tracy Anne and visitation rights, we reverse and remand the case to the trial court with directions to grant Jackie's motion to dismiss.

The parties were divorced in December 1985. They stipulated to joint legal custody of Tracy Anne with Jackie to have physical custody and Gene to have reasonable visitation rights with Tracy Anne. The stipulation contained language identical to the notice

530

of removal requirement contained in sec. 767.245(6), Stats.[1] It provided that any violation of sec. 767.245 interfering with visitation may be considered a change of circumstances under sec. 767.32 allowing the court to modify the judgment with respect to custody, child support and visitation. The judgment incorporated the stipulation.[2]

[1]Section 767.245(6), Stats., provides:

Whenever the court grants visitation rights to a parent, it shall order the child's custodian to provide to the parent having visitation rights 60 days' notice of the custodian's intention to establish legal residence outside this state or to remove the child from this state for a period of time exceeding 90 days. Upon motion by the parent having visitation rights and a finding by the court that it is against the best interests of the child for the custodian to so remove the child from this state, the court may deny permission to the custodian. Violation of a court order under this subsection may be deemed a change of circumstances under s. 767.32, allowing the court to modify the judgment with respect to custody, child support and visitation rights so as to permit withholding of a portion of the support payments to defray the added expense to the parent with visitation rights of exercising such rights or to modify a custody order.

[2]The pertinent provisions of the stipulation are:

2. *CUSTODY AND VISITATION.* The parties hereby agree that it is in the best interests of the minor child, namely, Tracy Anne Bohms, that there be joint legal custody, with petitioner, Jackie V. Bohms having physical custody of the child.

The co-petitioner, Gene L. Bohms, shall have reasonable visitation with the minor child with reasonable notice and both parties agree to cooperate and encourage the minor child to have frequent and regular visitation with the non-custodial parent. The parties agree to renegotiate physical custody in March of 1986.

. . . .

11. *WISCONSIN AS FORUM.* The forum for all disputes shall be in the state of Wisconsin unless the parties otherwise agree in writing.

12. *REMOVAL FROM STATE OF WISCONSIN.* The custodial parent shall provide the other parent at least sixty days

Shortly after entry of the judgment of divorce, Jackie made a change of residence with Tracy Anne to Colorado. Gene moved the court to give him physical custody of Tracy Anne or, in the alternative, to prohibit Jackie from removing Tracy Anne from the state. Jackie moved to dismiss Gene's motion pursuant to sec. 802.06(2)(f), Stats. Her motion was denied and subsequently Gene's motion was granted. The order entered pursuant to Gene's motion did not terminate joint custody or joint legal custody of Tracy Anne but changed primary physical custody from Jackie to Gene and prohibited removal of Tracy Anne from the state.

notice of an intention to establish legal residence outside of the state of Wisconsin or to remove said child from the state of Wisconsin for a period of time exceeding ninety days. The person having visitation rights shall be given notice of such intention and any violation of Section 767.245 interfering with visitation may be considered a change of circumstances under Section 767.32 allowing the court to modify the judgment with respect to custody, child support and visitation rights so as to permit withholding of a portion of the support payments to defray the added expense to the parent with visitation rights of exercising such rights or to modify a custody order.

. . . .

20. *RELIANCE BY PARTIES.* The parties represent and acknowledge that both parties may make certain advances of money or property and certain decisions during the pendency of this action. They are acting in good faith and in reliance on this stipulation. . . .

21. *INCORPORATION INTO JUDGMENT.* The parties agree that the terms of this stipulation may be submitted to the court for approval, and both parties will request the court to incorporate the terms hereof in the final judgment of divorce, and make the terms enforceable as part of such judgment. In the absence of the granting of said judgment and the approval of this stipulation, unless expressly indicated to the contrary in a specific paragraph of this stipulation, the provisions of this entire agreement shall be void and of no legal force and effect.

■ Because pleadings are liberally construed, a claim for relief should not be dismissed unless it appears "that no relief can be granted under any set of facts that plaintiff can prove in support of his allegations." *Weber v. City of Cedarburg,* 129 Wis. 2d 57, 64, 384 N.W.2d 333, 338 (1986), citing *Morgan v. Pennsylvania General Ins. Co.,* 87 Wis. 2d 723, 732, 275 N.W.2d 660, 664 (1979).

A motion to dismiss under sec. 802.06(2)(f), Stats., properly raises the issue of the power of the court to make the requested order. *See State ex rel. Rilla v. Dodge County Cir. Ct.,* 76 Wis. 2d 429, 435, 251 N.W.2d 476, 480 (1977) (complaint to mandamus secretary of state to do that which was beyond his power did not state a claim upon which relief could be granted); *Occidental Petroleum Corp. v. Buttes Gas & Oil Co.,* 331 F. Supp. 92, 113 (C.D. Calif. 1971) (complaint questioning sovereign power of a foreign nation subject to dismissal for failure to state a claim upon which relief may be granted), *aff'd,* 461 F.2d 1261 (9th Cir.), *cert. denied,* 409 U.S. 950 (1972). Although the trial court had personal jurisdiction over the parties and subject matter jurisdiction over the custody issue, it lacked authority or power to grant Gene's motion because of legislative action restricting the court's power. *See In re Marriage of Groh v. Groh,* 110 Wis. 2d 117, 122, 327 N.W.2d 655, 657 (1983).

Courts have no power to deal with the custody of minor children other than that provided by statute. *Groh,* 110 Wis. 2d at 123, 327 N.W.2d at 658. The custody of Tracy Anne was determined in the judgment of divorce pursuant to sec. 767.24(1), Stats., which provides:

In rendering a judgment of ... divorce ... the court shall make such provisions as it deems just and reasonable concerning the care, custody and education of the minor children of the parties, if any, according to the following provisions:

. . . .

(b) The court may give the care and custody of such children to the parties jointly if the parties so agree and if the court finds that a joint custody arrangement would be in the best interests of the child or children. Joint custody under this paragraph means that both parents have equal rights and responsibilities to the minor child and neither party's rights are superior.

Our court has dealt with joint custody, or alternating sole custody, in three pertinent decisions: *Miller v. Miller,* 136 Wis. 2d 441, 401 N.W.2d 846 (Ct. App. 1987), *In re Marriage of Abel v. Johnson,* 135 Wis. 2d 219, 400 N.W.2d 22 (Ct. App. 1986), and *In re Marriage of Westrate v. Westrate,* 124 Wis. 2d 244, 369 N.W.2d 165 (Ct. App. 1985). The holdings of these cases may be summarized as follows: (a) physical custody may not be separated from legal custody, *Westrate,* 124 Wis. 2d at 247, 369 N.W.2d at 167; (b) custody and visitation are distinct legal terms with different meanings and visitation refers to the noncustodial parent's right of access to a child, *id.* at 248, 369 N.W.2d at 168; (c) a "removal" under the modification statute, sec. 767.32(2), Stats., cannot occur in a joint custody case, *Abel,* 135 Wis. 2d at 230, 400 N.W.2d at 27; (d) the award of physical placement or physical custody of the child in the divorce judgment is unenforceable surplusage, *Miller,* 136 Wis. 2d at 443, 401 N.W.2d at 848; and (e) the court has no authority

to change just physical custody, *id.* at 444, 401 N.W.2d at 848.

We have discerned in sec. 767.24(1)(b), Stats., a legislative philosophy that when the parties to a divorce agree to joint custody of their child they seek to continue the relationship they had with the child prior to the divorce and represent to the court that they will exercise their privileges and responsibilities to the child without the necessity of ongoing judicial involvement. *Abel,* 135 Wis. 2d at 225, 400 N.W.2d at 25. The last sentence of sec. 767.24(1)(b) emphasizes this concept of joint responsibility: "Joint custody under this paragraph means that both parties have equal rights and responsibilities to the minor child and neither party's rights are superior."

We conclude that sec. 767.24(1), Stats., did not empower the trial court in the divorce judgment to give the parties joint legal custody of Tracy Anne while giving physical custody or physical placement to Jackie. Those provisions of the judgment giving Jackie primary physical custody of Tracy Anne and awarding Gene visitation are unenforceable surplusage. *Miller,* 136 Wis. 2d at 443, 401 N.W.2d at 848. Custody and visitation provisions in a divorce judgment where the parties have stipulated to joint custody are inconsistent with the concept of joint custody. We conclude the trial court lacked the power or authority to grant Gene's motion so long as the parties continued to have joint custody of Tracy Anne.

When either party seeks judicial intervention, as Gene has done here, to regulate matters of physical placement or physical custody, that party acknowledges that the parties can no longer exercise their

535

privileges and responsibilities to the child without judicial involvement. At that point the parties must decide whether joint custody should be continued or whether they should request that the trial court award one of them sole custody under sec. 767.24(1)(a), Stats. *See Abel,* 135 Wis. 2d at 231, 400 N.W.2d at 27. If the parties desire to continue joint custody because they wish to share in making such major decisions as are given to the legal custodian under secs. 767.24(1)(d) and 48.02(12), Stats., they must resolve between themselves their disputes as to the physical placement of the child.

We recognize that the current trend is toward joint custody as an alternative to the traditional model of sole custody. Raines, *Joint Custody and the Right to Travel: Legal and Psychological Implications,* 24 J. Fam. L. 625, 627–29 (1985–86); *cf.* Levy and Chambers, *The Folly of Joint Custody,* 3 Fam. Advoc. 6 (Spring 1981). We also acknowledge that a number of jurisdictions permit modification of joint physical custody arrangements with judicial intervention without terminating joint legal custody. *See* Hyde, *Custody Arrangements,* 35 Juv. & Fam. Ct. J. 17, 32–34 (Spring 1984); Folberg, "Issues and Trends in the Law of Joint Custody," in *Joint Custody and Shared Parenting* 159, 163–66 (J. Folberg ed. 1984). *See also Smith v. Smith,* 453 A.2d 1020 (Pa. Super. Ct. 1982); *In re Marriage of Bolin,* 336 N.W.2d 441 (Iowa 1983) (statute authorized court to award physical care to one parent only).

If the parties to a divorce in Wisconsin are to obtain the right in the divorce judgment to divide up the bundle of rights comprising custody, a working definition of joint custody broader than that contained in sec. 767.24(1)(b), Stats., must be obtained from the legislature. *See* Kapner, *Joint Custody and Shared*

*Parental Responsibility: An Examination of Approaches in Wisconsin and in Florida,* 66 Marq. L. Rev. 673, 692–93 (1983).

*By the Court.*—Orders reversed and cause remanded with directions.