IN RE the MARRIAGE OF Jackie V. BOHMS, Co-
Petitioner-Appellant,†

v.

Gene L. BOHMS, Co-Petitioner-Respondent-
Petitioner.

Supreme Court

*No. 86–2217. Argued April 26, 1988.—Decided June 15, 1988.*

(Also reported in 424 N.W.2d 408.)

† Motion for reconsideration denied on August 31, 1988. HEF-
FERNAN, C.J., took no part.

For the co-petitioner-respondent-petitioner there were briefs by *Judith Sperling Newton, Michael S. Heffernan* and *Stolper, Koritzinsky, Brewster & Neider, S.C.,* Madison, and oral argument by *Judith Sperling Newton.*

For the co-petitioner-appellant there was a brief by *Kathleen A. Wagner* and *Wagner Law Offices, S.C.,* Madison, and oral argument by *Kathleen A. Wagner.*

STEINMETZ, J.   The issue is what authority the trial court has to make orders with respect to the physical custody and visitation of children who are

subjects of a joint custody agreement pursuant to sec. 767.24(1)(b), Stats.[1]

Gene (Gene) and Jackie (Jackie) Bohms were divorced in December, 1985, at which time they stipulated to joint legal custody of their daughter, Tracy Ann (Tracy). The final stipulation provided that Jackie would have physical custody and Gene would have reasonable visitation rights with Tracy. In the stipulation, the parties agreed to "cooperate and encourage the minor child to have frequent and regular visitation with the non-custodial parent." They also agreed "to renegotiate physical custody in March of 1986," only three months later.

The final stipulation required Jackie to give Gene notice if she intended to establish legal residence outside the state of Wisconsin. It further provided that any violation of the visitation statute, sec. 767.245, Stats., could be considered a change in circumstances under sec. 767.32, thereby allowing the court to modify the judgment with respect to custody, child support and visitation. The final stipulation was incorporated into the judgment of divorce.

---

[1]Sec. 767.24(1)(b), Stats., provides as follows:

"**767.24 Child custody.** (1) In rendering a judgment of annulment, divorce or legal separation, or in rendering a judgment in an action under s. 767.02(1)(e), the court shall make such provisions as it deems just and reasonable concerning the care, custody and education of the minor children of the parties, if any, according to the following provisions:
". . . .
"(b) The court may give the care and custody of such children to the parties jointly if the parties so agree and if the court finds that a joint custody arrangement would be in the best interest of the child or children. Joint custody under this paragraph means that both parties have equal rights and responsibilities to the minor child and neither party's rights are superior."

After the divorce visitation problems arose. Gene attempted to renegotiate Tracy's physical custody with Jackie as provided in the final stipulation; however, the attempts at renegotiating failed. On March 6, 1986, Gene filed a motion to transfer Tracy's physical custody to him and to amend the judgment of divorce. On April 22, 1986, Jackie removed Tracy to the state of Colorado without notifying Gene. Jackie chose the state of Colorado as her new residence because "it's a couple three states away from Gene L. Bohms." She testified at trial that Gene was emotionally and physically abusive.

A few days later, on April 30, 1986, Jackie moved the court for permission to relocate with the minor child. On August 18, 1986, Gene moved the court to prevent Tracy's removal from the state. Jackie also filed a motion to dismiss Gene's motion for a change in physical custody. Jackie's motion to dismiss was denied, and a trial on Gene's motion was held in the circuit court for Dane county before Judge Susan Steingass.

The trial court issued findings of fact, conclusions of law and an order amending judgment. In her order, Judge Steingass granted Gene's motion to prevent Tracy's removal from the state of Wisconsin and his motion to amend the judgment by transferring physical custody from Jackie to Gene. The court found it necessary in Tracy's best interest that removal be prevented and that she be placed in Gene's physical custody. In reaching her decision, Judge Steingass considered the psychological problems of both parties, the physical and emotional abuse suffered by Jackie during the marriage, Gene's alcohol-associated and other problems, including his need to learn to express his anger, Jackie's past impulsive behavior, the rela-

tionship between the parties, the need for therapy on the part of both parties, Jackie's insistence on remaining in Colorado, Jackie's questionable judgment, and Tracy's "right to the most stable and predictable home environment which is possible in these circumstances."

However, the trial court failed to apply the tests recently articulated by this court with respect to removal of a child out of state. In *Marriage of Long v. Long,* 127 Wis. 2d 521, 534, 381 N.W.2d 350 (1986), this court stated as follows:

> "We conclude that a finding under sec. 767.245(6), Stats 1983–84, that an out-of-state move will be against the child's best interests requires a finding that removal and alternative visitation arrangements will significantly harm or impede the child's relationship with the noncustodial parent and that this harm to the relationship will work to the child's detriment. If the custodial parent's primary purpose for the removal is to defeat or impede visitation, the removal is against the best interests of the child." *Id.* at 534–35.

In *Long* we declared that if the removal from the state was against the best interests of the child, "then the noncustodial parent should seek a change of custody on the grounds that the custodial conditions in the other state are harmful to the best interests of the child. *Millikin v. Millikin,* 115 Wis. 2d 16, 23, 339 N.W.2d 573 (1983.)" *Id.* at 535. Though the *Long* case involved a sole custody situation rather than joint custody, the rule for removal would apply equally in joint custody cases where, as here, the parent seeking removal had physical custody of the child. Consequently, in this case, Gene Bohms should have sought to prevent the removal by petitioning for a change in

custody based on the *Millikin* standard as it was applied in *Long*.

There is no finding in the record that the trial court on the evidence received considered under the tests of *Long* that:

(1) the removal from the state was against the best interest of the child, and

(2) that there were no reasonable alternative visitation arrangements "namely, less frequent but more extended visits—which will preserve the children's relationship with their father." *Id.* at 538.

The problems of the removal from the state of the child by the physical custodial parent were discussed in the dissents in *Long;* however, the tests established in the *Long* majority were not observed. Instead, the trial court issued an order amending judgment and permitting Jackie to return to Colorado with Tracy for a period of visitation, with the child to be returned to Gene no later than December 19. On December 17, Jackie requested a stay from the court of appeals which was granted pending appeal.

The court of appeals reversed the decision of the trial court and remanded with directions to grant Jackie's motion to dismiss. In a published decision, the court of appeals stated as follows:

> "We conclude that sec. 767.24(1), Stats., did not empower the trial court in the divorce judgment to give the parties joint legal custody of Tracy Anne while giving physical custody or physical placement to Jackie. Those provisions of the judgment giving Jackie primary physical custody of Tracy Ann and awarding Gene visitation are unenforceable surplusage. *Miller,* 136 Wis. 2d at 443, 401 N.W.2d at 848. Custody and visitation provisions in a divorce judgment where the parties

have stipulated to joint custody are inconsistent with the concept of joint custody. We conclude the trial court lacked the power of authority to grant Gene's motion so long as the parties continued to have joint custody of Tracy Anne." *In re Marriage of Bohms v. Bohms,* 140 Wis. 2d 529, 535, 410 N.W.2d 658 (Ct. App. 1987).

In other words, the court of appeals held that in joint custody cases, the parties should work problems out themselves; if they find they cannot, one or both of the parties should move to dissolve joint custody and petition the court to award sole custody under sec. 767.24(1), Stats.

■■■■

A circuit court has wide discretion in making custody determinations. *In re Marriage of Gould v. Gould,* 116 Wis. 2d 493, 497, 342 N.W.2d 426 (1984). A custody determination will not be upset unless it represents a clear abuse of discretion or unless the trial court has applied an erroneous rule of law. *Millikin v. Millikin,* 115 Wis. 2d 16, 25, 339 N.W.2d 573 (1983). The exercise of discretion requires a reasoning process by which the facts of record are considered in light of the applicable law to reach a reasoned and reasonable decision. *Hartung v. Hartung,* 102 Wis. 2d 58, 68, 306 N.W.2d 16 (1981).

Recently the legislature has substantially revised the family code with respect to custody arrangements. 1987 Wisconsin Act 355, effective May 3, 1988. This act creates specific definitions of various types of custody, *i.e.,* "legal custody," "sole legal custody," "joint legal custody" and "physical placement." In addition, the act creates new standards for modifying child custody orders, contains comprehensive provisions for mediation in actions affecting the family,

contains specific provisions with respect to moving a child inside or outside of the state, and makes various other changes concerning child custody.

■ In this case the trial court failed to apply the tests articulated in *Long* in determining whether Jackie should have been permitted to remove Tracy out of state. Accordingly, we held that the court committed reversible error in denying Jackie's motion without making the appropriate findings of facts under the law as it then existed. We note that under the new statute the lower standard "best interest of the child" applies to modifications of physical placement where a removal of a child's residence is contested under sec. 767.327, Stats. 1987–88. The new standard is less stringent than that required under *Long;* however, because this case was decided under prior law, the trial court erred in not applying the more stringent tests expressed in *Long.*

Thus, we affirm the decision of the court of appeals to reverse the circuit court order. However, we do not base our decision, as did the court of appeals, on whether the circuit court lacked the authority to modify the divorce judgment pursuant to Gene's motion. In light of our decision, we do not reach other issues raised on appeal by the parties.

■ Upon remand the circuit court should consider the motions of the parties as if they were filed on the date of this decision and should decide the motion as a petition in accordance with 1987 Wisconsin Act 355. However, our decision regarding the applicability of the act to this case does not affect previous or pending custody determinations. 1987 Wisconsin Act 364, effective May 3, 1988, governs the applicability of 1987

Wisconsin Act 355 to other actions and petitions. Furthermore, all judgments and orders made in all previous cases and all pending joint custody cases decided under sec. 767.24, Stats. 1985–86, shall be in full force and effect unless changed by further orders of the respective circuit courts.

*By the Court.*—The decision of the court of appeals is modified and, as modified, affirmed.

Justice Nathan S. Heffernan took no part.