## IN RE the MARRIAGE OF Roger Wayne HERRELL, Petitioner-Respondent,

v.

## Janet Mae HERRELL, Appellant.†

Supreme Court

*No. 86–2075. Argued November 4, 1987.—Decided June 15, 1988.*

(Also reported in .424 N.W.2d 403.)

† Motion for reconsideration denied August 31, 1988.

For the appellant (in the court of appeals) there were briefs by *Cheryl Rosen Weston, Steven A. Bach, Cullen, Weston, Pines & Bach,* Madison, and oral argument by *Cheryl Rosen Weston.*

For the petitioner-respondent (in the court of appeals), there was a brief by *Jerome P. Tlusty, Sandra J. Marcus, Krueger, Thums, Tlusty, Hittner & Kenne-*

*dy, S.C.,* Schofield, and oral argument by *Jerome P. Tlusty.*

SHIRLEY S. ABRAHAMSON, J. This is an appeal from orders entered by the circuit court for Adams county, Raymond E. Gieringer, circuit judge, modifying the divorce judgment which awarded the parties joint custody of their two minor children. The orders terminate joint custody and grant sole custody of the children to the father Roger Herrell. This court granted the petition to bypass, sec. 808.05 (1), Stats. 1985–86, to determine the standard the circuit court must apply when a parent petitions the circuit court to modify a custody award from joint custody to sole custody.

After oral argument the court issued an order notifying the parties that the court was holding decision in this case pending the court's review of *In re Marriage of Bohms v. Bohms,* 140 Wis. 2d 529, 410 N.W.2d 658 (Ct. App. 1987), because the *Bohms* case was an integral part of both parties' arguments. The parties in this case were given an opportunity to file amicus briefs in the *Bohms* review.

In the interim, the legislature passed 1987 Wisconsin Act 355, which became effective May 3, 1988. This act is a comprehensive statute governing, among other subjects, the creation, modification, and termination of joint custody. This act does not affect our review of the standard which the circuit court applied to terminate the joint custody award in this case.

Roger Herrell contends that the proper standard for the circuit court to have applied when it modified the custody award from joint custody to sole custody in this case is the "best interest of the child" standard, which applies to an initial custody determination. Sec.

767.24 (2), Stats. 1985–86. Janet Herrell contends that because a modification from joint to sole custody alters arrangements for physical placement and removes the "children from the care of one of the parents to whom joint custody has been awarded, the more stringent statutory standard, necessary to the child's best interest," governs this case. Sec. 767.32 (2), Stats. 1985–86.

The "necessary to the child's best interest" standard imposes a greater burden on a party seeking to modify a custody award than does the "best interest of the child" standard. The legislature imposed this greater standard to promote stability in the child's life and to minimize custody litigation after a divorce. *Millikin v. Millikin,* 115 Wis. 2d 16, 25, 339 N.W.2d 573 (1983).

The circuit court applied the lesser standard, the "best interest of the child," concluding that the parties had stipulated to this standard. The circuit court did not reach the question of what standard the statutes require when the circuit court modifies an award from joint custody to sole custody.

We conclude that the modification of a joint custody award to a sole custody award under the statutes in existence before the adoption of 1987 Wisconsin Act 355 is a two-step process: First, the circuit court must determine whether to terminate joint custody. Second, having decided to terminate joint custody, the circuit court must determine which parent shall be sole custodian.

We hold that the more stringent "necessary to the child's best interest" standard set out in sec. 767.32 (2), Stats. 1985–86, applies in this case to the initial decision whether to terminate joint custody.

Because the circuit court did not apply the correct standard in terminating joint custody, we vacate the order terminating joint custody. Accordingly, we must vacate the order granting sole custody to the father. We do not determine the standard the circuit court should apply in designating the sole custodian, should the circuit court terminate joint custody on remand. Adhering to our decision in *Bohms v. Bohms,* 144 Wis. 2d 490, 424 N.W.2d 408 (1988), of even date, we conclude that on remand the circuit court should consider the petition in this case as if it were filed on the date of this decision and should decide the petition in accordance with 1987 Wisconsin Act 355.

## I.

We examine first the divorce judgment and the facts revealed in the record. At the divorce of Roger Herrell and Janet Herrell, the parties entered into a stipulation that the circuit court approved as fair and reasonable and incorporated into its judgment. The stipulation and the divorce judgment provided that "the parties jointly are given the care and custody of the minor children," and "the court finds that the parties agree that a joint custody arrangement would be in the best interests of the children."

The stipulation provided that the mother would have "physical custody on all days" except for certain days when the father would have " physical custody": two days per week for three weeks per month, one four-day weekend per month, and "all other reasonable visitation including holidays, birthdays and extended visitation in the summer." The stipulation further provided that should the parties "not agree as to visitation, either party may request the Adams

County Department of Family Conciliation to establish visitation guidelines." The parties agreed to cooperate with this counseling service. Finally, the stipulation provided that "when [the] children become of school age, custody will be re-evaluated in order to best meet [the] children's needs at that time."

At the time of the divorce in 1984, the family lived in Adams county, Wisconsin, where the father earned about $11,000 per year as a state patrol officer, and the mother earned about $22,000 per year as a nurse. The children were ages two and four. After the divorce, the father moved to Taylor county, remarried in April 1985, and adopted his new wife's six-year-old daughter. The mother moved to Dane county where she enrolled in the master's program at the University of Wisconsin School of Nursing and on weekends commuted to work at the Adams Memorial Hospital. She remarried in May 1986. Her husband has two teen-age daughters from a previous marriage and earns $35,000 per year.

The father petitioned for sole custody on December 5, 1985, after the older child reached school age (five and one-half).[1] At that time the children were living with their mother in Dane county. The circuit court appointed a guardian ad litem for the children, held a custody hearing on May 8, 1986, and issued its

---

[1]On October 18, 1985, the mother sought a modification of the judgment of divorce to require payment of child support by the father.

On December 23, 1985 (after the father petitioned for sole custody), the court entered an order modifying the judgment of divorce, as stipulated by the parties, which provided that the father would pay $100 in child support every other Thursday, and that the father would be given reasonable access to the children at least every other weekend.

findings of fact, conclusions and order modifying judgment on August 25, 1986. The final order transferring sole custody to the father was entered October 2, 1986.

Considering the evaluations of a clinical psychologist and the children's guardian ad litem, the circuit court found that the children were healthy and well adjusted under the existing joint custody arrangement and that both parents were fit custodians. Nevertheless, the court concluded that awarding sole custody to the father was in the children's best interests, finding that the father and his wife would provide a more stable and interactive environment than would the mother and her husband.

## II.

The legislature first introduced joint custody in the 1977 Divorce Reform Act. Sec. 767.24 (1)(b), Stats. 1985–86, was the only statutory provision expressly describing joint custody and reads as follows:

> "The court may give the care and custody of such children to the parties jointly if the parties so agree and if the court finds that a joint custody arrangement would be in the best interests of the child or children. Joint custody under this paragraph means that both parties have equal rights and responsibilities to the minor child and neither party's rights are superior."

The father's petition seeks to terminate joint custody granted under sec. 767.24(1)(b), and to grant the father sole custody of the minor children with "reasonable visitation rights in the mother." The effect of this petition was to set in motion a petition to modify the divorce judgment. Modification is a two-

step process: First, whether to terminate joint custody, and second, if joint custody is terminated to determine which parent shall be the sole guardian.

Sec. 767.32 (2), Stats. 1985–86, governs modification of a divorce judgment and thus guides our resolution of the first step—the standard to use in terminating joint custody. Sec. 767.32(2) provides that the circuit court may "change the care and custody of any child, either by giving it to or taking it from any parent, relative or agency." Furthermore, the statute requires that "[a]ny modification of a custody order which removes a child from the *care* of a parent having *custody* of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 767.24 (2)." (Emphasis added.)[2]

■ The "necessary to the child's best interest" standard established in sec. 767.32 (2) requires that before a child is removed from the *care* of a *custodial* parent,

---

[2]Sec. 767.32 (2) provides as follows:

Whenever the welfare of any such child will be promoted thereby, the court granting such judgment shall always have the power to change the *care and custody* of any such child, either by giving it to or taking it from any parent, relative or agency. No order changing the custody of any child shall be entered until after notice of such application has been given the parents of such child, if they can be found, and also to the relative or agency that then has the custody of such child. The court may order custody transferred to the department of health and social services only in those cases where the department agrees to accept custody. *Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 767.24(2).* (Emphasis supplied.)

the parent seeking change has the burden to bring forward substantial evidence showing that the current custodial conditions are harmful in some way to the best interest of the child. *Millikin v. Millikin,* 115 Wis. 2d 16, 23–24, 339 N.W.2d 573 (1983); *Gould v. Gould,* 116 Wis. 2d 493, 398–500, 342 N.W.2d 426 (1984). The "necessary to the child's best interest" standard imposes a greater burden on parties seeking to modify custody awards than does the "best interest of the child" standard.

We conclude that the "necessary to the child's best interest" standard under sec. 767.32 (2) applies to that part of the petition which seeks termination of joint custody. First, sec. 767.32 (2) does not distinguish between joint and sole custody awards. Because a joint custody award grants both parents custody and care of the child, termination of joint custody by definition modifies the joint custody order by removing a child from the care and custody of one of the joint custodial parents. By its very terms therefore sec. 767.32 (2) is applicable to a termination of joint custody.

Second, applying sec. 767.32 (2) to termination of joint custody comports with the legislative intent and purpose underlying the higher "necessary to the child's best interest" standard. The legislature imposed the higher standard to make it difficult for a parent to persuade the circuit court to change the care and custody arrangement which the circuit court found in the best interests of the child at the time of the divorce. The legislature requires the higher standard for modification of custody than for the original award of custody to promote the stability of the child's environment after the divorce, to encourage the

private resolution of domestic disputes, and to minimize custody litigation after divorce. *Millikin, supra* 115 Wis. 2d at 25.

Accordingly, we hold that the "necessary to the child's best interest" standard applies to the circuit court's determination to terminate joint custody in this case.[3]

The circuit court erroneously applied the lower "best interest of the child" standard because it found that the parties stipulated to the best interest of the child standard of proof at the start of the proceedings. The circuit court apparently based this finding on a clause in the stipulation incorporated in the divorce judgment which provides that "when [the] children become of school age, custody will be re-evaluated in order to best meet [the] children's needs at that time."

The meaning of this clause in the stipulation is unclear. It may reflect an understanding between the joint custodians to guide them in their future negotiations, not a prescription for a judicial standard. In any event, the legislature explicitly prescribed a judicial standard to protect the child. The protection sec. 767.32(2) affords to children would be defeated if we were to allow parents to determine that a lesser showing is adequate grounds for a circuit court to modify a custody award.

In this case, the circuit court failed to apply the "necessary to the child's best interest" standard to

---

[3]To the extent that they may be read to hold that the "necessary to the child's best interest" standard does not apply to the circuit court's decision to terminate a joint custody award, we overrule *In re Marriage of Abel v. Johnson*, 135 Wis. 2d 219, 400 N.W.2d 22 (Ct. App. 1986), and *Miller v. Miller*, 136 Wis. 2d 441, 401 N.W.2d 846 (Ct. App. 1987).

determine whether joint custody should be terminated. Thus, we remand the cause to the circuit court to determine whether joint custody should be terminated. In light of our holding, we need not reach the question of whether the circuit court applied the correct standard in designating the father the sole custodian in this case. Adhering to our decision in *Bohms v. Bohms,* 144 Wis. 2d 490, 424 N.W.2d 408 (1988), of even date, we conclude that on remand the circuit court should consider the petition in this case as if it were filed on the date of this decision and should decide the petition in accordance with 1987 Wisconsin Act 355.

For the reasons set forth, we vacate the order of the circuit court terminating the joint custody award and awarding sole custody to the father. We remand the cause to the circuit court for proceedings consistent with this opinion.

*By the Court.*—The orders of the circuit court are vacated and the case is remanded to the circuit court.