OPINION
{¶ 1} This is an appeal from an order of the domestic relations division of the court of common pleas that modified the court's prior order granting a non-residential parent a right of visitation with the parties' three minor children.
 {¶ 2} The parties, Robyn K. Livesay and Edward A. Livesay, were granted a decree of dissolution of their marriage on August 20, 1999. Robyn[1] was granted custody of the parties' three minor children: Krista, born March 7, 1993; Chelsea, born June 8, 1995; and Jodi, born May 12, 1997. Edward was granted visitation, now known as parenting time, in accordance with the court's standard order.
 {¶ 3} On July 25, 2002, Edward filed a motion for change of custody, asking the court to enter an order for shared parenting. He filed an amended motion for the same relief on March 19, 2003.
 {¶ 4} The matter was referred to a magistrate for hearings. In a written decision filed on August 27, 2003, the magistrate denied Edward's motion for shared parenting, largely on account of the fact that Robyn opposed it and the parties had had difficulties in the recent past agreeing on visitation issues, which boded ill for the agreements and cooperation that shared parenting requires. However, the magistrate modified the prior order by awarding Edward additional overnight visitation with the three children midweek during alternate weeks. The court adopted the magistrate's decision pursuant to Civ. R. 53(E)(4)(c) on the date it was filed.
 {¶ 5} Edward filed objections to the magistrate's decision. Robyn did not. Upon consideration of Edward's objections and the record, the court on April 9, 2004, overruled the objections and modified its prior custody order by granting Edward expanded visitation beginning the mid-week date the magistrate had ordered through the following week-end.
 {¶ 6} Robyn filed a timely notice of appeal. She presents two assignments of error.
 {¶ 7} First Assignment of Error
 {¶ 8} "The trial court failed to apply the proper legal standard."
 {¶ 9} Second Assignment of Error
 {¶ 10} "The trial court's decision is not supported by the weight of the evidence."
 {¶ 11} R.C. 3109.051(D) sets out fifteen specific matters which, in addition to "[a]ny other factor in the best interest of the child," a domestic relations court must consider when "establishing a specific parenting time or visitation schedule." That section, and not the standards for modification of a prior custody order in R.C. 3109.04(E)(1)(a), govern decisions on a non-residential parent's request for more extensive visitation.Braatz v. Braatz (1999), 85 Ohio St.3d 40.
 {¶ 12} Robyn argues that the domestic relations court abused its discretion when it granted Edward additional visitation that, in addition to the visitation he already enjoyed, accounts for more than fifty per cent of the children's time. She argues that the court thereby created a de facto shared parenting order absent the further matters, including her consent, that shared parenting requires. Those matters are set out in R.C. 3109.04.
 {¶ 13} In expanding Edward's visitation time with the children as it did, beyond the additional mid-week visitation the magistrate ordered and to which Robyn had not objected, the trial court relied on the recommendation of an expert, Dr. Tyrone Payne. In his written report, Dr. Payne recommended against shared parenting unless the parties could better agree on dividing their responsibilities. He also recommended that if shared parenting was ordered it should not require the particular shared parenting schedule Edward requested, believing that his proposal involved "a very large number of transitions each week" which, as the three children became older, would "become more and more difficult for them." (Report, p. 17). Dr. Payne then concluded:
 {¶ 14} "The children do seem to want to spend more than standard visitation time with their father, and it appears that they have profited from additional time in the father's home. My suggested option is to have the children alternate weeks with the parents. I would suggest that the girls have a mid-week overnight visit with the other parent each week. I would predict that the parents will say that this is "too long" to go without seeing their daughters. However, it is the needs of the children that should take precedence. They need a chance to develop routines, stability and be free from excessive transitions from one home to the other.
 {¶ 15} "If the parents strongly wish to continue the practice of the children going to church with each parent each week (Saturday evening and Sunday morning), the transition would be on Sunday morning. However, it is this psychologist's opinion that continuing to divide each of the children's weekends may not be in the best interests of the girls.
 {¶ 16} "Perhaps the parents and the court can devise another satisfactory allocation of the children's time. I would suggest that the transitions be kept to a minimum and the time the girls spend with each parent be approximately equal." Id.
 {¶ 17} The court recited Dr. Payne's recommendation quoted above, and stated:
 {¶ 18} "The court agrees that the motions for shared parenting should be overruled, the court concludes that the magistrate does not give sufficient weight to the recommendation,as an alternative to shared parenting, that the movant be granted a more expanded parenting time schedule which would allow full weekends with each parent and minimize the number of transitions between households for the children. It is the order of the court that the movant be granted parenting time from Tuesday after school until Sunday at 6:00 p.m. alternate weeks and during intervening weeks. Tuesday after school until Wednesday morning return to school or 5:30 p.m. if the school is not in session. All other provisions of the standard order of parenting time will apply." (Decision and Judgment, p. 4, Emphasis supplied).
 {¶ 19} We believe that the court misconstrued the sense of Dr. Payne's recommendation. His recommendation of a "suggested option" was made in the context of Edward's request for shared parenting in the event shared parenting was ordered. It was not, as the trial court viewed it, a recommendation of more extensive visitation time "as an alternative to shared parenting." The distinction is important because the extent of the additional visitation the court ordered, in addition to the standard order time already allowed, creates a functional equivalent to shared parenting.
 {¶ 20} In Braatz, the Supreme Court distinguished custody and visitation, writing that while custody "resides in the party or parties who have the right to ultimate legal and physical control of a child," visitation merely encompasses another party's residual right to be with the child or to have the child be with him or her when another party is awarded custody. Id.
at p. 45. The court further observed:
 {¶ 21} "Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute `custody' because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party. See Patrick v. Patrick (1962), 17 Wis.2d 434, 438,117 N.W.2d 256, 259 (party having visitation does `not have custody during * * * visits, but only such obligation and authority as are practical necessities during such visits.'); Westrate v.Westrate (App. 1985), 124 Wis.2d 244, 248, 369 N.W.2d 165, 168."Id.
 {¶ 22} We find two difficulties with the extent of visitation the court ordered. First, it amounts to a functional equivalent of shared parenting, yet it relieves Edward of the responsibilities during his visitation which shared parenting involves, while wholly dispensing with the need for Robyn's consent that shared parenting contemplates. Second, because of the extent of the children's time away from her, it deprives Robyn of the capacity to make the fundamental decisions about the welfare of the children which, as their residential parent, she and she alone has the authority to make. Braatz.
 {¶ 23} Dr. Payne's recommendation was surely one which the court is allowed by R.C. 3109.051(D) to consider. However, the recommendation was misapplied by the trial court because the recommendation pertained to the shared parenting Edward had requested, which the court denied, not to continuation of the current order under which Robyn remains the children's residential parent. The court's order expanding Edward's visitation on that finding, to the extent that it did, is therefore against the manifest weight of the evidence.
 {¶ 24} The first assignment of error is overruled. The second assignment of error is sustained. The court's order of April 9, 2004, is reversed and vacated, in part, to the extent that it granted Edward visitation time different from that granted in the magistrate's decision of August 27, 2003, which the court had approved and to which Robyn did not object. Otherwise, the order of April 9, 2004, denying Edward's request for shared parenting is Affirmed.
Wolff, J. and Young, J., concur.
[1] For convenience and clarity, the parties are identified by their first names.