IN RE the MARRIAGE OF:
Penny R. BIEL, Petitioner-Appellant,

v.

John M. BIEL, Respondent.

Court of Appeals

*No. 82–2316. Submitted on briefs May 18, 1983.—*
*Decided June 27, 1983.*
(Also reported in 336 N.W.2d 404.)

For the petitioner-appellant the cause was submitted on the briefs of *Bruce R. Rasmussen* of Beaver Dam.

For the respondent the cause was submitted on the brief of *William E. Buchholz* and *Grant, Buchholz, Sias & Hoeper* of Waupun.

Before Gartzke, P.J., Dykman, J. and W.L. Jackman, Reserve Judge.

GARTZKE, P.J. A divorce action is pending between Penny and John Biel. A dispute exists regarding custody and visitation of their children. Penny Biel seeks review of an order requiring the Biels to participate in mediation and arbitration of the custody and visitation issues before a social worker. She also seeks review of the trial court's failure to appoint a guardian ad litem for the children. We conclude that the trial court cannot compel the parties to arbitrate custody or visitation and that the order to mediate was proper but not shown to have been necessary. Accordingly, we reverse the order. We do not reach the guardian ad litem issue.

1. *Arbitration and Mediation*

The trial court defined "mediation" as the act of a third person who interferes between two contending parties with a view to reconcile or persuade them to adjust or settle their dispute. It defined "arbitration" as the submission or determination of a disputed matter to a private unofficial person selected in a manner provided by law or agreement. The court held that it possessed authority to order mediation and arbitration under sec. 767.01, Stats., which provides in relevant part, "The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions."

The court observed that participating in conciliation and mediation can bring enlightenment and understanding to the parties, help them to execute their parental responsibilities for the benefit of their childen, facilitate divorce litigation, eliminate rancor, and save money by simplifying and clarifying issues. The court concluded that requiring conciliation and mediation is therefore

necessary and proper to orderly administration of divorce actions and is within the court's power and authority. The court said it ordered mediation and arbitration in the spirit of honest conciliation.

Whether action taken by a trial court under sec. 767.01, Stats., is "proper" is a question of law. We owe no deference to the trial court on matters involving the meaning of statutes. *First Nat. Leasing Corp. v. Madison*, 81 Wis.2d 205, 208, 260 N.W.2d 251, 253 (1977). We therefore independently review the court's conclusion that arbitration and mediation of the custody and visitation issues is a proper exercise of authority under sec. 767.01.

Section 767.24(1), Stats., provides in material part that "the *court* shall make such provisions as it deems just and reasonable concerning the care, custody and education of the minor children of the parties." (Emphasis added.) Section 767.24(2) provides in relevant part:

In making a custody determination, the court shall consider all facts in the best interest of the child and shall not prefer one potential custodian over the other on the basis of the sex of the custodian. The court shall consider reports of appropriate professionals where admitted into evidence when custody is contested. The court shall consider the following factors in making its determination:

. . . .

When statutory language is unambiguous no judicial rule of construction is permitted and we arrive at the intention of the legislature by giving the language its ordinary and accepted meaning. *Milwaukee v. Lindner*, 98 Wis. 2d 624, 632, 297 N.W.2d 828, 832 (1980). Section 767.24, Stats., unambiguously requires the court to exercise its discretion in light of the factors enumerated

under subsec. (2) in determining custody. A court's authority to establish visitation is an integral part of its authority to award custody. *Bahr v. Galonski,* 80 Wis. 2d 72, 79, 257 N.W.2d 869, 872 (1977). As in determining custody, the court exercises discretion based on the best interests of the children. *Weichman v. Weichman,* 50 Wis. 2d 731, 734, 184 N.W.2d 882, 884 (1971). In determining visitation, the court must therefore exercise its discretion in light of the provisions of sec. 767.245. We hold that custody and visitation determinations must be made by the court and cannot be delegated by it to any other person.

When ordering arbitration of custody and visitation by a social worker, the trial court delegated its non-delegable duties. The arbitration order was not a proper exercise of authority under sec. 767.01, Stats.

Because, however, sec. 767.081, Stats., expressly provides for the kind of mediation envisioned by the trial court, its order to mediate was proper. The introductory paragraph to sec. 767.081 provides in relevant part that the family court commissioner "shall inform the parties of the availability of counseling for marriage assessment, divorce and separation and referral services offered by the family court commissioner or the department of family conciliation." That counseling is partly "to explore the possibility of reconciliation . . . and to assist the parties in planning for the needs of their minor children, if any." Subsection (1) of sec. 767.081 provides in material part, "In every action for divorce or legal separation, the family court commissioner shall require the petitioner and, if personally served within this state, the respondent to participate in the counseling which shall be provided." The needs of minor children and, consequently, how their interests would best be served by a particular custody or visitation decision, fall within the scope of sec. 767.081 counseling.

■
Counseling, conciliation and mediation contemplate an attempt to resolve a dispute by reaching a voluntary agreement. The trial court's mediation order required the Biels to do no more than attempt to voluntarily resolve their disputes, with the assistance of the social worker. The order was consistent with sec. 767.081, Stats., and was a proper exercise of authority under sec. 767.01.

The question remains whether the court's mediation order was "necessary" under sec. 767.01, Stats., in light of sec. 767.081. Section 767.081 provides that the family court commissioner "shall require" the parties to participate in counseling.

Custody rests "peculiarly" within the trial court's discretion. *Larson v. Larson,* 30 Wis. 2d 291, 296, 140 N.W.2d 230, 233 (1966); *Hamachek v. Hamachek,* 270 Wis. 194, 202, 70 N.W.2d 595, 599 (1955). There is no area in which a trial court has more responsibility than in determining custody. *Dees v. Dees,* 41 Wis. 2d 435, 438, 164 N.W.2d 282, 284 (1969). That court should have broad discretion to determine whether a particular act or thing is necessary under sec. 767.01, Stats., to assist the court when making the ultimate determination of disputed custody and visitation issues. *Compare Neblett v. Neblett,* 274 Wis. 574, 578, 81 N.W.2d 61, 63 (1957) (court did not abuse its discretion in ordering parent to undergo psychiatric examination before determining whether to permit visitation).

We sustain a discretionary determination by a trial court unless the court abused its discretion or acted on an erroneous view of the law. *First Wis. Nat. Bank of Oshkosh v. KSW Inv.,* 71 Wis. 2d 359, 364, 238 N.W.2d 123, 126 (1976). We will not find an abuse of discretion if the record shows that discretion was exercised and a reasonable basis exists for the court's determination.

*Howard v. Duersten,* 81 Wis. 2d 301, 305, 260 N.W.2d 274, 276 (1977). If the record fails to show that the court exercised discretion, we nevertheless will sustain a discretionary determination if facts of record support the decision, had discretion been exercised on that basis. *Conrad v. Conrad,* 92 Wis. 2d 407, 415, 284 N.W.2d 674, 678 (1979).

The record fails to show that the court exercised discretion when ordering mediation. The order was entered "pursuant to the procedural rule of [this] court." In its memorandum decision and order denying appellant's motion to revoke the order, the court referred to mediation as "a standing procedure" in the Family Division of the court.

■ Under sec. 767.081, Stats., the family court commissioner has the primary responsibility for ordering counseling, conciliation or mediation of disputes in a divorce action. The trial court ordered mediation without explaining why, in view of sec. 767.081, it was necessary for the court to do so. The record contains no facts and circumstances which support a finding of necessity. We conclude that the court abused its discretion when ordering mediation of the custody and visitation disputes.

### 2. *Guardian ad Litem*

Appellant contends that the trial court erred in not appointing a guardian ad litem. Section 767.045, Stats., provides in material part that if custody is contested in an action affecting the family, "the court shall appoint an attorney admitted to practice in this state as guardian ad litem to represent the interests of children as to custody, support and visitation." No motion was made to the trial court requesting the appointment of a guardian ad litem.

We recognize that it is reversible error for the trial court to fail sua sponte to appoint a guardian ad litem

before deciding contested custody issues, even if neither party has requested the appointment of a guardian ad litem. *Bahr v. Bahr,* 72 Wis. 2d 145, 148–49, 240 N.W.2d 162, 164 (1976). Because, however, the court has not yet reached a decision on custody or visitation, we need not reach the guardian ad litem issue.

*By the Court.*—Order reversed.