In re the Marriage of:

Luann M. Lawrence, Petitioner-Appellant,

v.

Wayman C. Lawrence, Respondent-Respondent.

Court of Appeals

*No. 03–1699. Submitted on briefs December 5, 2003.—Decided August 19, 2004.*

2004 WI App 170

(Also reported in 687 N.W.2d 748.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Mark F. Borns, Relles, Borns & Long, LLP*, Madison.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Daniel W. Hildebrand* and *Nancy C. Wettersten, DeWitt Ross & Stevens, S.C.*, Madison.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. VERGERONT, J.    The issue on this appeal concerns an agreement between parents, incorporated

into the divorce judgment, on the impasse-breaking authority for the choice of their child's school. The terms of this provision are that the guardian ad litem (GAL) and the family court counselor "shall have the right to break any impasse between the parties as to where Desmond should attend school." Luann appeals the circuit court's order denying her motion for review of the decision on Desmond's school made pursuant to this provision by the GAL and family court counselor. The circuit court viewed the provision as not contemplating court review of the impasse-breaking decision and denied the motion. We agree with the circuit court that the provision does not contemplate court review of the impasse-breaking decision and we conclude it does not violate applicable statutes or public policy. We therefore affirm.[1]

## BACKGROUND

¶ 2.   Luann and Wayman were divorced on November 27, 2002, when Desmond was almost five. They entered into stipulations on many issues regarding Desmond and these were contained in the "Partial Marital Settlement Agreement and Order Regarding Legal Custody and Physical Placement." The court found this agreement to be fair and reasonable, approved it entirely, and incorporated it into the judgment of divorce. Under the terms of this agreement, Luann and Wayman have joint legal custody of Desmond and each has periods of physical placement. The agreement

---

[1] We certified this appeal to the supreme court under WIS. STAT. § 808.05(2) (2001–02) but the supreme court refused certification. The appeal is therefore before this court for decision.

All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

provides that the parties are to consult and attempt to reach an agreement on all major decisions affecting Desmond's life, with major decisions defined in WIS. STAT. § 767.001(2m). The term that is the subject of this appeal provides that "Attorney David Joanis [the GAL] and Ms. Kathleen Jeffords [the family court counselor] shall have the right to break any impasse between the parties as to where Desmond should attend school."

¶ 3. In March 2003, Luann moved the court to enter an order regarding where Desmond should attend school. Attached to the motion was the written decision of the GAL and the family court counselor that Desmond should attend Queen of Peace in Madison, the school Wayman wanted him to attend. Luann's accompanying affidavit listed reasons why it was not in Desmond's best interests to attend Queen of Peace, but was in his best interests to attend school in Oregon, Wisconsin, where she resided.

¶ 4. The court denied the motion. It observed there was no provision for court review of the decision of the GAL and the family court counselor on Desmond's school. The court reasoned that giving the GAL and family court counselor impasse-breaking authority had no meaning if the party disagreeing with the decision could have the court make its own decision. The court added its view that any change in this provision would have to be made pursuant to a motion for modification under WIS. STAT. § 767.325.[2] Luann

---

[2] WISCONSIN STAT. § 767.325 provides in part:

**Revision of legal custody and physical placement orders . . . .**

**(1)** SUBSTANTIAL MODIFICATIONS. (a) *Within 2 years after initial order.* Except as provided under sub. (2), a court may not modify any of the following orders before 2 years after the initial order is

apparently decided not to file a motion to modify the provision. She appeals the court's denial of her motion for the court to make a decision on Desmond's school.

## DISCUSSION

¶ 5.  Luann argues that the provision giving the GAL and the family court counselor impasse-breaking

entered under s. 767.24, unless a party seeking the modification, upon petition, motion, or order to show cause shows by substantial evidence that the modification is necessary because the current custodial conditions are physically or emotionally harmful to the best interest of the child:

1. An order of legal custody.

2. An order of physical placement if the modification would substantially alter the time a parent may spend with his or her child.

(b) *After 2–year period.* 1. Except as provided under par. (a) and sub. (2), upon petition, motion or order to show cause by a party, a court may modify an order of legal custody or an order of physical placement where the modification would substantially alter the time a parent may spend with his or her child if the court finds all of the following:

a. The modification is in the best interest of the child.

b. There has been a substantial change of circumstances since the entry of the last order affecting legal custody or the last order substantially affecting physical placement.

2. With respect to subd. 1., there is a rebuttable presumption that:

a. Continuing the current allocation of decision making under a legal custody order is in the best interest of the child.

b. Continuing the child's physical placement with the parent with whom the child resides for the greater period of time is in the best interest of the child.

3. A change in the economic circumstances or marital status of either party is not sufficient to meet the standards for modification under subd. 1.

407

authority on Desmond's school is invalid because it transfers to third parties the court's authority to decide custody disputes. This, she asserts, is not authorized by statute and is against public policy. She does not disagree with the circuit court's construction of the provision itself—that it does not contemplate court review of the impasse-breaking decision. She also makes clear that the question of which school is better for Desmond is not before this court—only the question of the validity of the provision giving the GAL and the family court counselor impasse-breaking authority on Desmond's school.

¶ 6.   As both Luann and Wayman recognize, parties to a divorce action may, generally speaking, stipulate to a provision in a divorce judgment even if the court would not otherwise have the statutory authority to order that provision absent the parties' consent. *Rintelman v. Rintelman*, 118 Wis. 2d 587, 594–96, 348 N.W.2d 498 (1984). When the court approves such a stipulation and incorporates it into the divorce judgment, the doctrine of equitable estoppel is applied against the party seeking relief from the provision. *Id.* at 594–95. One of the criteria for equitable estoppel in this context is that the stipulation is not against public policy. *Id.* at 596. Luann's position is that she is not equitably estopped from seeking relief from the provision on choice of school because it is against public policy.

¶ 7.   Resolution of this issue involves the construction of statutes and the determination of public policy, both of which present questions of law where, as here, the relevant facts are not disputed. *See Nichols v.*

408

*Nichols*, 162 Wis. 2d 96, 103, 469 N.W. 2d 619 (1991). We review questions of law de novo. *Id.*

¶ 8.　The public policy analysis in this case begins with the sections in WIS. STAT. ch. 767 that define the role of the circuit court in decisions that affect children. WISCONSIN STAT. § 767.24(1) provides that the "court shall make such provisions as it deems just and reasonable concerning the legal custody and physical placement of any minor child of the parties, as provided in this section." "Legal custody" is defined as "the right and responsibility to make major decisions concerning the child, except with respect to specified decisions as set forth by the court or the parties in the final judgment or order." WIS. STAT. § 767.001(2)(a). Major decisions include "choice of school." Section 767.001(2m). Joint legal custody, which the parties have in this case, incorporates the definition of legal custody and is "the condition under which both parties share legal custody and neither party's legal custody rights are superior, except with respect to specified decisions as set forth by the court or the parties in the final judgment or order." Section 767.001(1s). In making an order of joint legal custody, the court may give to one of the parents the sole power to make specified decisions, notwithstanding § 767.001(1s). Section 767.24(6)(b).

¶ 9.　Luann's position is that the above statutes authorize either the court or one or both parties to make the choice of a school, but not a third party. A stipulation between the parents that a third party is to make the choice is, she contends, a restraint on the authority of the court to protect the interests of children in custody matters, which is not permissible. She relies on these cases in support of her position: *Herrell v. Herrell*, 144 Wis. 2d 479, 488, 424 N.W.2d 403 (1988); *Biel v. Biel*, 114 Wis. 2d 191, 194, 336 N.W.2d 404 (Ct.

App. 1983); and *Ondrasek v. Tenneson*, 158 Wis. 2d 690, 692, 462 N.W.2d 915 (Ct. App. 1990). While these cases establish some general principles that are applicable, none resolve the question of the validity of the provision at issue in this case.

¶ 10.  In *Herrell*, 144 Wis. 2d at 484, the stipulation incorporated into the divorce judgment was construed by the circuit court as providing for use of a "best interests" standard in reevaluating custody when the children became of school age. The modification statute in effect at that time, Wis. Stat. § 767.32(2) (1985–86), authorized the court to modify a custody order removing a child from the care of a parent having custody upon a finding that the removal was "necessary to the child's best interest." The supreme court stated that the legislature had explicitly prescribed a stricter standard than "best interests" in order to promote stability for the child, encourage private resolution of disputes, and minimize custody litigation after divorce. *Id.* at 487–88. The supreme court concluded that the protection for children embodied in the higher standard would be defeated if parents could determine that a lesser showing was adequate for modification. *Id.* at 488.

¶ 11.  Luann asserts that the effect of the disputed provision here is to empower the GAL and the family court counselor to give one parent or the other the authority over choice of school without specifying any legal standard for the GAL and the family court counselor to employ and without any judicial review. Thus, she concludes, Desmond is deprived of the protections afforded by statute, an impermissible result under *Herrell*.

¶ 12.  We do not agree with Luann that *Herrell* supports her position. First, the disputed provision does not give third parties authority to decide which party is

responsible for making a major decision. The agreement incorporated into the judgment makes it clear that both parties have the right and responsibility to make major decisions, which includes choice of school, and they are to consult and attempt to agree; if they cannot agree, the GAL and family court counselor decide which of the two schools Desmond is to attend. But that particular decision on which school, made only if an impasse occurs, does not mean that in the future the party whose choice of school is selected becomes solely responsible for future major decisions on education.

¶ 13. It is true that there is no legal standard specified in the provision for the GAL and the family court counselor to employ in breaking the impasse on the choice of school. However, there is no standard specified by statute for the parent who is given the sole power to make a decision under WIS. STAT. § 767.24(6)(b). Moreover, because the GAL's statutorily defined duties include being an advocate for the best interests of the child regarding legal custody, WIS. STAT. § 767.045(4), the provision at issue necessarily implies the choice will be made according to the best interests of the child as viewed by the GAL.

¶ 14. As for the absence of judicial review, Luann does not explain what statutory procedure is available when a divorce judgment gives to one parent having joint custody, the sole power to make a particular type of decision, such as choice of school, and the other parent does not like the specific choice. The only statutory mechanism we are aware of is that in WIS. STAT. § 767.325, which provides for a modification of the judgment or order giving one parent that power. That same option was and is available to Luann, as the

411

circuit court made clear.[3] In short, we do not see how the disputed provision deprives Desmond of the protections he would have if one parent, rather than the GAL and the family court counselor, had impasse-breaking authority for choice of his school.

¶ 15.   In *Biel*, 114 Wis. 2d at 192, the circuit court ordered the parties to arbitrate their custody and visitation disputes before a social worker. This court concluded that Wis. Stat. § 767.24(1) required the court to make these determinations itself and the court had no authority to delegate them to another person. *Id.* at 194. (The specific disputes in *Biel* were not described.) Luann equates impasse-breaking authority on choice of school to a determination of legal custody and argues that neither the court nor the parties can delegate the court's authority to a third person.[4]

¶ 16.   We do not agree that impasse-breaking authority on choice of school is equivalent to the determination of legal custody. While Wis. Stat. § 767.24(1) imposes on the court the obligation to make provisions on legal custody and physical placement that are "just and reasonable . . . as provided in this section," no statute obligates the court to make the decisions specified as major decisions in Wis. Stat. § 767.001(2m). Rather, making these decisions is the responsibility of one or both of the parents. The court's obligation is to

---

[3] Of course, the standard for prevailing on a motion to modify when it is brought within two years of the judgment or order, as was Luann's motion, is the stricter one—the current custodial conditions must be physically or emotionally harmful to the best interest of the child. Wis. Stat. § 767.325(1)(a).

[4] Luann observes that there is an exception in Wis. Stat. § 802.12 for alternative dispute resolutions, but she argues that is not applicable here. Wayman implicitly concedes this.

determine how to allocate the responsibility for major decisions and other decisions when awarding joint custody, *see* § 767.24(6)(am) and (b), and this obligation entails determining whether to approve any agreement between parents on that allocation. The court may of course make a particular decision that falls into the category of "major decisions" when there is a dispute between the parties and the dispute is properly before the court. However, the entire statutory scheme makes clear that, in general, the legislature intends that one or both parents are responsible for making the particular decisions on an ongoing basis.

¶ 17.   In *Ondrasek*, 158 Wis. 2d at 692–93, the parties stipulated that payments that included child support would not be modifiable in the future by either party, and this was incorporated into the judgment. This court reversed the circuit court's application of equitable estoppel to prevent the payee from moving for an increase because, we concluded, an unmodifiable ceiling on support was against public policy. *Id.* at 694, 697. We reasoned that the goal of child support was to promote the best interests of the child and avoid financial hardship for children of divorced parents. *Id.* at 695. To that end, the legislature expressly provided that the court retains jurisdiction over child support and did not limit the court's authority to modify child support, as it chose to do with maintenance waivers and property divisions in Wis. Stat. § 767.32(1). *Id.* We concluded that the public policy of protecting children would be defeated if a party were precluded from showing that changed circumstances warranted a change in child support. *Id.* at 697.

¶ 18.   While we agree with Luann that *Ondrasek* establishes the principle that "a child's best interests transcend an agreement or stipulation of the parties,"

413

*id.* at 695, there are significant distinctions between a ceiling on child support and giving impasse-breaking authority on choice of school to the GAL and family court counselor. The former deprives the court of the statutory authority it would otherwise have to determine whether there has been a substantial change in circumstances necessitating an increase in child support for the best interests of the child. The latter does not take away from the court any authority it would otherwise have but instead allows the parties to agree that third parties, who have already been involved in resolving issues concerning the child, have impasse-breaking authority on a particular topic rather than one or the other parent.

¶ 19.   We conclude the disputed provision here does not deprive the court of any authority it would otherwise have if, under a divorce judgment, one of two parents with joint custody had impasse-breaking authority on choice of school. Therefore, the public policy concerns have to do with the difference between one parent having that authority and two parents agreeing to give that authority to the GAL and family court counselor. Luann has not articulated a policy favoring the former over the latter, but she perhaps implies that it is better policy for a parent to have that authority than third parties.

¶ 20.   We do not find this a persuasive argument in the context of this case. The parties here were able to agree on many issues regarding their child, for which they are to be commended. However, as is implicit from the disputed provision itself, and as articulated in the written decision choosing Queen of Peace, the parties anticipated they would disagree on which school Desmond should attend and anticipated they might not be able to resolve that disagreement. They could have

submitted this dispute to the court for resolution, along with other contested issues in the divorce. That likely would have resulted in the court making a decision either as to which school Desmond should attend or which parent should have the authority to make the decision if an impasse were to occur. In the first situation, the court, not a parent, would be making the decision on the school; in the second case, if an impasse occurred, one parent would decide on the school. We can see no policy reason why either of these two mechanisms for resolving the parties' differences on their child's school is preferable to the one they agreed upon.

■

¶ 21.   There is a strong public policy in Wisconsin of encouraging settlement of divorce cases. *Patrickus v. Patrickus*, 2000 WI App 255, ¶ 11, 239 Wis. 2d 340, 620 N.W.2d 205 (citing *Nichols*, 162 Wis. 2d at 115). Where children are involved, they benefit from private resolution of disputes by their parents and from reduction in litigation. *See Herrell*, 144 Wis. 2d at 487–88. Of course, the obligation of the courts to decide whether to approve agreements between the parties concerning their children and incorporate them into the divorce judgment is critical to making sure that the best interests of the children are served by those agreements. *See* Wis. Stat. § 767.10(1) (parties may stipulate for legal custody and physical placement subject to the court's approval); *see also King v. King*, 25 Wis. 2d 550, 555, 131 N.W.2d 357 (1964) (while parents may stipulate as to custody, the agreement should not be approved by the court unless it insures and promotes the best interest of the children). In this case, the agreement approved by the court avoided a contested hearing on the issue of the choice of Desmond's school and avoided one parent having the final decision. Instead, the agree-

ment gave impasse-breaking authority to the GAL, who by statute advocates for the best interests of the child, WIS. STAT. § 767.045(4), and to the family court counselor, whose office is charged with providing mediation and other services connected with legal custody and physical placement disputes. WIS. STAT. § 767.11. Both persons had been involved in this case on issues relating to the legal custody and physical placement of Desmond.

■

¶ 22. We conclude that the agreement approved by the court and incorporated into the judgment is not against public policy. It is consistent with the public policy favoring settlement in divorce cases. It does not limit the statutory authority of the court to review the impasse-breaking decision: like a decision made by the parent given sole power or impasse-breaking authority, there is no review by the court of the particular decision made, but the other parent may move to modify the grant of power under WIS. STAT. § 767.325 upon the requisite showing. Finally, the third parties who are given the impasse-breaking authority here are the GAL and the family court counselor. Accordingly, we affirm the decision of the circuit court denying Luann's motion.[5]

---

[5] Wayman contends that Luann's motion is precluded under WIS. STAT. § 767.325(1)(a) because the affidavit on its face did not assert grounds that met the standard for modifying a judgment within two years—current custodial conditions that are physically or emotionally harmful to the best interest of the child. Luann replies that Wayman did not make this argument in the trial court and, alternatively, that § 767.325 does not apply when a provision in a judgment or order is challenged as invalid because it violates public policy. Because we have

*By the Court.*—Order affirmed.

concluded the disputed provision does not violate public policy, it is unnecessary for us to address these arguments.