In re the Marriage of:

Robert C. Huhn, Petitioner-Appellant,

v.

Carrie S. Stuckmann, p/k/a Carrie S. Huhn,
Respondent-Respondent.

Court of Appeals

*No. 2008AP3102. Submitted on briefs June 11, 2009.
—Decided July 29, 2009.*

2009 WI App 127

(Also reported in 772 N.W.2d 744.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Kent A. Tess-Mattner* of *Schmidt, Rupke, Tess-Mattner & Fox, S.C.*, Brookfield.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Stephen M. Seymour*, Sheboygan.

Before Brown, C.J., Anderson, P.J., and Neubauer, J.

¶ 1. NEUBAUER, J. Robert C. Huhn appeals from a trial court order denying his motion to modify family support awarded to his former spouse, Carrie S. Stuckmann, p/k/a Carrie S. Huhn, under the terms of their marital settlement agreement. Robert moved to modify family support based on a substantial change in circumstances, including the change in primary placement of the parties' youngest child. Robert additionally requested the court to revisit the parties' responsibility

for health insurance coverage and the assignment of a dependency tax exemption. Applying estoppel, the trial court denied Robert's motion on grounds that the parties had stipulated to nonmodifiable family support and did not address Robert's other requests. To the extent the nonmodifiable family support encompasses child support as well as maintenance, we conclude that it violates well established public policy prohibiting such agreements as to child support. Because the trial court erroneously applied estoppel and failed to consider the underlying components of family support, we reverse and remand for further proceedings on Robert's motion.

## FACTS

¶ 2. Robert and Carrie were divorced on November 9, 2005. At the time of the divorce, the parties had three minor children, the two younger of whom were adopted and receiving a monthly public assistance stipend from the state.[1] Their marital settlement agreement (MSA), which was incorporated into the judgment of divorce, provided for joint legal custody of the minor children with Carrie having primary physical placement and Robert having temporary placement at reasonable times with reasonable notice.

¶ 3. As to support, the MSA provided:

---

[1] It appears from the record that these payments were in the form of "adoption assistance" under WIS. STAT. § 48.975 (2007–08) and which are "designed to assist in the cost of care of that child after . . . the child has been placed for adoption with the adoptive or proposed adoptive parents." Subsec. (1); *see also* WIS. ADMIN. CODE ch. DCF 50 (Nov. 2008) (entitled Facilitating the Adoption of Children with Special Needs). All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

## FAMILY SUPPORT

That ... Robert ... shall pay ... Carrie ... as and for *family support* the sum of FOUR THOUSAND ($4,000) DOLLARS per month, payable on the 25th of each month commencing August 25, 2005 and on the 25th of each month thereafter for a period of Sixty (60) consecutive monthly payments, a period of five (5) years at which time the family support payments shall be reduced to THREE THOUSAND ($3,000) DOL-LARS a month payable under the same terms as set forth above and continuing until January 3, 2016 at which time all obligations between [Robert] and [Carrie] shall terminate.

The parties understand and intend that these payments are to be considered and treated as income to [Carrie], and to be taken as a deduction on the tax returns of [Robert]. The parties further intend that these family support payments are non-modifiable until the final payment is made under the terms of this agreement.

The MSA then provided for a final waiver of maintenance. Robert was responsible for providing health insurance coverage and Carrie was responsible for all uninsured health-related expenses. In approving the parties' agreement as to family support, the trial court stated:

[B]oth parties have agreed to waive maintenance but there is going to be family support paid by Robert to Carrie in the amount of $4,000 a month for the next five years and then it will change to $3,000.00 a month until I think the year 2016 ....

All of the support paid from January 1st to today shall be considered family support and also that means that Carrie will claim that as income on her taxes and it will be deductible from [Robert's] taxes but any tax subrogation she incurs as a result will be paid by [Robert]."

173

The trial court did not make any further findings as to child support or maintenance.

¶ 4. On January 4, 2008, the parties filed a stipulation and order amending the placement of their youngest child from primarily residing with Carrie to instead residing with Robert. Subsequently, on January 16, 2008, Robert filed a motion for the revision of family support, assignment of dependency tax exemptions, and reassignment of responsibility for health care insurance and uninsured medical expenses. Robert alleged a substantial change in circumstances based on Carrie's remarriage, his primary placement of the youngest child, and the eldest child turning eighteen years' old.

¶ 5. Carrie opposed Robert's motion for modification, and following a hearing on July 7, 2008, the trial court issued a written decision and order denying Robert's motion. The trial court determined that "the parties' stipulation was comprehensive and incorporated the non-modifiable family support provision. The court concludes that the agreement does not contravene public policy and, as a result, that [Robert] is estopped from seeking modification of the family support order."

¶ 6. Robert appeals.

## DISCUSSION

### *Family Support*

¶ 7. When the court approves a stipulation and incorporates it into the divorce judgment, the doctrine of equitable estoppel is applied against the party seeking relief from the provision. *Jalovec v. Jalovec*, 2007

WI App 206, ¶ 11, 305 Wis. 2d 467, 739 N.W.2d 834 (citing *Lawrence v. Lawrence*, 2004 WI App 170, ¶ 6, 276 Wis. 2d 403, 687 N.W.2d 748). Equitable estoppel may be invoked if a party demonstrates that (1) both parties entered into the stipulation freely and knowingly, (2) the overall settlement is fair and equitable and not illegal or against public policy, and (3) one party subsequently seeks to be released from its terms on the ground that the court could not have entered the order it did without the parties' agreement. *Jalovec*, 305 Wis. 2d 467, ¶ 10. While the decision to apply the equitable estoppel doctrine to provide relief is generally a matter of discretion, it is a fundamental precept that it cannot be applied if the provision is against public policy. *Id.*, ¶¶ 11–12.

¶ 8. The primary issue on appeal is whether a party may be estopped from seeking modification of family support. Both parties agree that the issue is one of first impression. Family support, as an alternative to separate child support and maintenance orders, encompasses the support objectives of these component parts —child support and maintenance—in a single obligation. *Vlies v. Brookman*, 2005 WI App 158, ¶ 8, 285 Wis. 2d 411, 701 N.W.2d 642; WIS. STAT. § 767.531 (court may make family support order as a substitute for child support orders under WIS. STAT. § 767.511 and maintenance payment orders under WIS. STAT. § 767.56). Robert correctly points out that a marital settlement provision that precludes the parties from seeking to modify child support violates public policy, and estoppel will not be applied. *Jalovec*, 305 Wis. 2d 467, ¶ 3 (citing similar holdings in *Frisch v. Henrichs*, 2007 WI 102, ¶ 67, 304 Wis. 2d 1, 736 N.W.2d 85, and *Krieman v. Goldberg*, 214 Wis. 2d 163, 177–78, 571 N.W.2d 425 (Ct.

App. 1997)). However, the same is not true for maintenance. *See Rintelman v. Rintelman*, 118 Wis. 2d 587, 596, 348 N.W.2d 498 (1984) (seminal case applying the estoppel doctrine to a maintenance provision); *Whitford v. Whitford*, 2000 WI App 18, ¶¶ 13, 20, 232 Wis. 2d 38, 606 N.W.2d 563 (provision in divorce judgment for nonmodifiable maintenance is not against public policy and therefore equitable estoppel may be applied to a request for modification when parties' stipulation prohibits it). No prior case has addressed estoppel with respect to family support, which includes components of both maintenance and child support.

¶ 9. Recognizing the public policy implications and because the analysis was not made clear at the time of divorce, each party attempts to characterize the family support in this case as "primarily" maintenance or "primarily" child support. However, semantics aside, neither party provides any real evidence that the agreed upon family support, which is generally intended to cover both maintenance and child support, encompassed only one of these components. While Carrie argues that the family support in this case was maintenance because child support was addressed by awarding her the state adoption assistance payment in the amount of $2600, she does not point to any portion of the record to support her assertion. Moreover, if the family support encompassed only maintenance there would be no added tax benefit to awarding it as family support.[2]

---

[2] As noted in *Vlies v. Brookman*, 2005 WI App 158, ¶ 10, 285 Wis. 2d 411, 701 N.W.2d 642, a fixed award of family support operates for tax purposes like maintenance and, therefore, both the child support and the maintenance components of family support are taxable to the payee.

¶ 10. We find more persuasive Robert's contention that because there were three minor children and, pursuant to the child support guidelines, 29% of his income at the time of divorce would have been $2996, the family support was intended to follow the guidelines while taking into account the tax benefits to Robert. However, the bottom line is that the trial court simply failed to consider the child support component of family support in considering Robert's motion for modification. Wisconsin case law requires more.

¶ 11. Pursuant to WIS. STAT. § 767.511(1), when the court approves a stipulation for child support under WIS. STAT. § 767.34 or enters a judgment of divorce, "the court shall . . . [o]rder either or both parents to pay an amount reasonable or necessary to fulfill a duty to support a child."[3] In determining child support payments, the court may consider all relevant information, financial and otherwise, but "*shall* determine child support payments by using the percentage standard established by the department under [WIS. STAT. §] 49.22 (9)."[4] Sec. 767.511(1g) and (1j). If a party requests deviation from the guidelines, the trial court may

---

[3] Beyond that absence of factual support, we question Carrie's argument that the family support was primarily maintenance because the parties' two youngest children receive adoption assistance. While this state allocated assistance may be a factor to consider in deviating from the percentage guidelines, *see* WIS. STAT. § 767.511(1m)(a), there is no indication in the statute that the receipt of such payments would provide wholesale relief from child support obligations.

[4] The provisions of WIS. STAT. ch. 767 governing actions affecting the family were substantially renumbered by 2005 Wis. Act 443. Because the provisions relevant to the issue on appeal did not undergo substantive changes, we will refer to the current version of the statutes. At the time of the parties' divorce, WIS. STAT. § 767.511, governing child support, was

177

modify the amount of child support payments if the court finds by the greater weight of credible evidence that the use of the percentage standard is unfair to either the child or to any of the parties. Section 767.511(1m). Consistent with this requirement, WIS. STAT. § 767.34, governing stipulations in a divorce action, provides:

> (2) LIMITATIONS ON COURT APPROVAL. (a) A court may not approve a stipulation for child support or family support unless the stipulation provides for payment of child support determined in a manner consistent with [WIS. STAT. §§] 767.511 or 767.89 [governing paternity].

■■

¶ 12. It is evident from the statutory framework and the purpose of family support that at least a portion of the family support ordered in this case—as in any case involving minor children—was child support. With respect to child support, we have repeatedly and most recently held:

> We now make explicit what was perhaps only implicit from the discussion in *Ondrasek* [*v. Tenneson,* 158 Wis. 2d 690, 462 N.W.2d 915 (Ct. App. 1990)]: *any provision* in a marital settlement agreement entered into by divorcing parties that purports to limit in any way a child support payee's ability to seek a support modification in the best interests of the children upon a substantial change in circumstances is against public policy; it thus cannot provide a basis to estop the payee from seeking a modification under WIS. STAT. § 767.32(1)(a).

*Jalovec,* 305 Wis. 2d 467, ¶ 15 (citing *Wood v. Propeck,*

---

numbered WIS. STAT. § 767.25 (2003–04); WIS. STAT. § 767.34, governing stipulations, was numbered WIS. STAT. § 767.10 (2003–04); and WIS. STAT. § 767.531, governing family support, was numbered WIS. STAT. § 767.261 (2003–04).

2007 WI App 24, ¶ 21, 299 Wis. 2d 470, 728 N.W.2d 757) (emphasis added). Because the "non-modifiable" family support provision in this case purported to limit Robert's ability to seek a support modification based on a substantial change of circumstances, it is against public policy and cannot provide a basis for estoppel. Based on our review of the record the trial court erred in failing to consider the child support component of the parties' family support order. Thus, we remand for further proceedings on Robert's motion for modification with directions that it be considered in a manner consistent with WIS. STAT. § 767.511 and WIS. STAT. § 767.59 (permitting the revision of child or family support orders upon a finding of substantial change in circumstances).[5]

### Health Insurance Coverage and Expenses and Dependency Exemption

¶ 13. In his postjudgment motion, Robert also requested the court to revisit the allocation of the dependency exemption and assignment of responsibility for health insurance coverage and payment of health expenses based on a substantial change in circumstances. The trial court's order failed to address either request. On remand, the trial court should address Robert's request as to these issues as well.

---

[5] We note that Robert requests this court to hold either that the trial court erred with respect to its application of estoppel to the entire family support provision or that the trial court erred at least with respect to that portion of family support comprised of child support. Because the public policy concerns relate only to child support and the law does not prohibit an agreement for "nonmodifiable" maintenance, we limit our decision to the child support component of the family support order.

179

## CONCLUSION

¶ 14. We conclude that the trial court erred in its application of estoppel as grounds for denying Robert's postjudgment motion to modify family support based on a substantial change in circumstances. We further conclude that the trial court erred in failing to address Robert's additional requests for the reallocation of the dependency exemption and a reassignment of health insurance coverage and responsibility for uninsured expenses. We therefore reverse the trial court's order and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded with directions.